COPY

CHARLES N. BLAND, SBN: 91563
REBECCA L. GEROME, SBN: 233650
BACKUS, BLAND, NAVARRO & WEBER LLP
444 South Flower Street, Suite 2160
Los Angeles, California 90071
Telephone: (213) 833-7990
Facsimile: (213) 833-7997

Attorneys for Defendant,
WELLS FARGO BANK, N.A.

FILED
CLERK, U.S. DISTRICT COURT
NOV 15 2010
3:46
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HELENA SANTILLAN,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a California corporation; MARILYN SPARKS, an individual; JACKIE BRUEGGERMAN, an individual; MARLA VASQUEZ, an individual; and DOES 1 to 250, inclusive,<br>Defendants. | CASE NO. CV10- 8730-SJO (MANx)<br>**NOTICE OF REMOVAL**<br>[28 U.S.C. §§1441 & 1446] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), files this Notice of Removal of this action from the Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court, for the Central District of California, on the following grounds:

1. On November 1, 2010, Plaintiff, Helena Santillan ("Santillan"), filed suit in

the Superior Court for the State of California for the County of Los Angeles, against Wells Fargo and Marilyn Sparks ("Sparks"), Jacqueline Brueggemann (erroneously sued as "Jackie Brueggerman") ("Brueggemann"), and Marla Vasquez ("Vasquez"). Wells Fargo was served with the summons and complaint through CSC Corporation, its registered Agent for Service of Process, on November 5, 2010. True and correct copies of the summons, complaint, and other papers served therewith are attached hereto collectively, as Exhibit "A." None of these individual Defendants has been served as of the filing of this Notice.

2. Plaintiff Santillan is not a citizen of California, South Dakota, or Minnesota. Thus, there is complete diversity of citizenship between Plaintiffs and Defendants now, and there was such diversity when this case was filed.

3. Wells Fargo is a national banking association, whose Articles of Incorporation designate its main office to be in South Dakota. For purposes of determining diversity, it is a citizen of South Dakota. *See, e.g., Nguyen v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113246 (N.D. CA 2010); *Deleon v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 62499 (N.D. CA 2010); *Wells Fargo Bank, N.A. v. WMR e-Pin, LLC*, 2008 U.S. Dist. LEXIS 96300 (D. Minn. 2008).

4. Sparks is a citizen of California; Brueggemann is a citizen of Minnesota; and Vasquez is a citizen of California.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has original jurisdiction of this matter pursuant to the provisions of 28 U.S.C. §1332.

7. This action is removable from the Superior Court for the County of Los Angeles to this Court, pursuant to the provisions of 28 U.S.C. §1441(a)

8. Following the filing of this Notice, Wells Fargo will give notice to Plaintiff and the Superior Court for the State of California, County of Los Angeles, of the removal of this action pursuant to the provisions of 28 U.S.C. §1446(d).

WHEREFORE, Wells Fargo prays that the above action now pending in the Superior Court of the State of California, in and for the County of Los Angeles, entitled, Helena Santillan v. Wells Fargo Bank, National Association, et al., Case No. BC448566, be removed to this Court.

Dated: November 15, 2010

**BACKUS, BLAND, NAVARRO & WEBER LLP**

By: ______________________
CHARLES N. BLAND
Attorneys for Defendant, WELLS FARGO BANK, N.A.

# EXHIBIT "A"

COPY

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
WELLS FARGO BANK, NATIONAL ASSOCIATION, a Corporation; MARILYN SPARKS, an individual; JACKIE BRUEGGERMAN, an individual; MARLA VASQUEZ, an individual; and DOES 1 through 250, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
HELENA SANTILLAN

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 01 2010

John A. Clarke, Executive Officer/Clerk
BY ______, Deputy
Shaunya Wesley

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
111 N. Hill St.
111 N. Hill St.
Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):* BC 448566

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary R. Carlin, CSBN: 44945 (562)432-8933 (562)435-1656
Law Offices of Carlin & Buchsbaum, LLP
555 East Ocean Blvd., Suite 818
Long Beach, California 90802

DATE: NOV 01 2010 Clerk, by JOHN A. CLARKE, CLERK Shaunya Wesley, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Wells Fargo Bank National Association

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 11/5/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

EXHIBIT "A"
(Page 1 of 51)

4

COPY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 01 2010

John A. Clarke, Executive Officer/Clerk
BY ________________, Deputy
Shaunya Wesley

THE LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
GARY R. CARLIN, CSBN: 44945
gary@carlinbuchsbaum.com
BRENT S. BUCHSBAUM, CSBN: 194816
brent@carlinbuchsbaum.com
MAYA G. MORALES, CSBN: 245208
maya@carlinbuchsbaum.com
555 E. Ocean Blvd., Suite 818
Long Beach, CA 90802
Telephone:(562) 432-8933
Fax: (562) 435-1656

Attorneys for Plaintiff HELENA SANTILLAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HELENA SANTILLAN,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a corporation; MARILYN SPARKS, an individual; JACKIE BRUEGGERMAN, an individual; MARLA VASQUEZ, an individual; and DOES 1 through 250 inclusive;<br><br>Defendants. | CASE NO. BC448566<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) WRONGFUL DENIAL OF TRANSFER IN VIOLATION OF PUBLIC POLICY;**<br>**(2) DISCRIMINATION BASED ON RACE AND/OR NATIONAL ORIGIN AND/OR ANCESTRY;**<br>**(3) DISCRIMINATION BASED ON DISABILITY;**<br>**(4) FAILURE TO ACCOMMODATE;**<br>**(5) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;**<br>**(6) HOSTILE WORK ENVIRONMENT HARASSMENT;**<br>**(7) FAILURE TO PREVENT HOSTILE WORK ENVIRONMENT HARASSMENT**<br>**(8) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>**(9) RETALIATION IN VIOLATION OF THE FEHA and LABOR CODE SECTION 1102.5(c); and**<br>**(10) WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW the Plaintiff, HELENA SANTILLAN, (who hereinafter shall be referred to as the "Plaintiff" or as "SANTILLAN"), who hereby respectfully alleges, avers, and



5

complains, as follows:

## INTRODUCTION

1. This is an action brought by the Plaintiff SANTILLAN, pursuant to California statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION, a corporation operating and doing business within the State of California, (hereinafter referred to as "WELLS FARGO BANK").

2. Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Los Angeles County Superior Court Rules.

4. Venue in this Court is proper in that the causes of action herein alleged took place at WELLS FARGO BANK's business address located in the City of Los Angeles, County of Los Angeles, State of California.

## PARTIES

5. At all times herein mentioned, Plaintiff SANTILLAN was a resident of Los Angeles County, State of California.

6. Defendant WELLS FARGO BANK is and at all times herein mentioned has been a corporation with the capacity to sue and to be sued, and doing business, with a principal place of business located at 333 W. Grand Avenue, Los Angeles, CA 90012.

7. Defendant MARILYN SPARKS was at all times herein mentioned a Manager and/or Plaintiff's immediate supervisor and upon information and belief employed by WELLS FARGO BANK, and at all times herein mentioned was and, upon information and belief, still is a resident of the County of Los Angeles, State of California.

8. Defendant MARLA VASQUEZ was at all times herein mentioned a Manager and/or Plaintiff's immediate supervisor and upon information and belief employed by WELLS FARGO BANK, and at all times herein mentioned was and, upon information and belief, still is a resident of the County of Los Angeles, State of California.

9. Defendant JACKIE BRUEGGERMAN was at all times herein mentioned a Manager in Defendant's Human Resources Department and upon information and belief employed by WELLS FARGO BANK, and at all times herein mentioned was and, upon information and belief, still is a resident of the County of Los Angeles, State of California.

10. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

11. The true names and capacities of the Defendants named herein as DOES 1 through 250, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## FACTUAL ALLEGATIONS

12. Plaintiff, a female of Hispanic national origin, became employed by Defendant on or about May 12, 2008 as a Recruiter Staffing Specialist II. Defendant wrongfully terminated Plaintiff's employment on or about December 15, 2009 as hereinafter alleged.

13. During Plaintiff's employment, Plaintiff was subjected to hostile work environment harassment consisting of including but not limited to, the following conduct on the part of Defendant: Offensive and degrading comments based on Plaintiff's race/national origin and/or ancestry, including but not limited to, calling Plaintiff "stupid Mexican bitch" and "Mexican pig"; Supervisor MARILYN SPARKS told Plaintiff that the only reason that Letcia Aceves [Plaintiff's co-worker] liked Plaintiff was because Plaintiff is Hispanic and maybe if she [SPARKS] was "brown" Leticia would like her too. Plaintiff was subjected to offensive and derogatory race-based comments and/or homophobic remarks about former recruiter, William Earley, including but not limited to, words to the effect "did you know William is a black gay man?" "Those people are difficult to manage, they all stick together."

14. Plaintiff was singled out, targeted, held up to ridicule and scorn, unwarrantedly criticized, micro-managed, and generally treated with contempt by her supervisors including but not limited to MARILYN SPARKS and MARLA VASQUEZ. Further, Defendants, including but not limited to VASQUEZ and SPARKS, engaged in and directed Plaintiff

to engage in discriminatory hiring practices, including but not limited to, instructing Plaintiff not to interview candidates [and employees of Defendant] for managerial positions who were well qualified for the positions for which they applied but who had complained about workplace discrimination, harassment, or retaliation and by instructing Plaintiff not to interview candidates for permanent positions who were of Armenian descent because "this place is filled with Armenians, and they cause the bank all kinds of problems."

15. As a Recruiter Staffing Specialist II, Plaintiff was responsible for among other things, ensuring that Defendant complied with EEOC regulations and/or guidelines in its hiring practices. In or about 2008, Plaintiff and co-worker Alicia Atkins put on a presentation to managers explaining how to comply with EEOC regulations and/or guidelines in their hiring practices; Supervisor VASQUEZ interrupted Plaintiff's presentation and proceeded to tell the managers that they should transfer a person without that person formally applying for the position, which Plaintiff is informed and believed is illegal. Plaintiff complained to VASQUEZ about it the following day. VASQUEZ responded to Plaintiff's complaint by stating to Plaintiff "you'll get used to it because I'm sure you understand how difficult it will be for you to get a job in this market at your age."

16. On various diverse dates beginning in or about July 2008, and continuing through in or about November of 2009, Plaintiff complained to management, including but not limited to, JACKIE BRUEGGERMAN in Defendant's Human Resources Department, who admitted to Plaintiff that what Plaintiff described was a "hostile work environment". Nevertheless, management, including BRUEGGERMAN failed to take all reasonable steps necessary to prevent the harassment from occurring. In response to Plaintiff's complaints to management, Defendant subjected Plaintiff to even further harassment and discriminatory treatment, including but not limited to, denying Plaintiff's request for a transfer to any one of Defendant's other offices.

17. As a result of Plaintiff's hostile work environment, Plaintiff suffered from severe stress, depression, and anxiety and sought treatment with a mental health care provider related thereto. From in or about September, 2008 through on or about November 19, 2008, Plaintiff took a medical leave of absence from work to treat and recuperate from her disabling work-related injuries. Following Plaintiff's return to work on or about November 20, 2008, Defendant subjected Plaintiff to further harassment and discriminatory treatment by including but not limited to, repeatedly threatening Plaintiff with termination of her employment. Due to Plaintiff's intolerable work environment, Plaintiff was forced to resign from her position on or about November 27, 2009. The working conditions of Plaintiff's employment were so intolerable and/or aggravated that any reasonable person in Plaintiff's position would have been compelled to leave her position and never return (*i.e.* her leave was coerced).

18. Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing (hereinafter "DFEH"), and has received Right to Sue Letters from the DFEH. Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted her administrative remedies prior to filing, commencing, and serving the within action.

## FIRST CAUSE OF ACTION

**(Wrongful Denial of Transfer in Violation of Public Policy)**

**(SANTILLAN Against Defendants WELLS FARGO BANK, and DOES 1 through 250, inclusive)**

19. The allegations of paragraphs 1 through 18 are re-alleged and incorporated herein by reference as though set forth at length.

20. At all times mentioned in this complaint, Government Code Section 12940 et seq., was in full force and effect and was binding on the Defendants and the Defendants were subject was subject to its terms, and therefore WELLS FARGO BANK was required to refrain from harassment and discrimination based on protected classifications such as race and/or national origin and/or ancestry and/or disability and retaliation for complaining about the same and requesting disability accommodation.

21. Plaintiff believes and is informed and thereon alleges that her protestation against and/or refusal to perform, permit, acquiesce, participate, suffer or allow illegal fraudulent deceitful, and unethical acts was in part a factor in Defendants' decision to deny Plaintiff a transfer on or about November 3, 2008.

22. Plaintiff believes and is informed and thereon alleges that her race and/or national origin and/or ancestry, disability, opposing discrimination and harassment, taking medical leave and/or asking for an accommodation of her disability were, in part, factors in Defendants' decision to deny Plaintiff a transfer on or about November 3, 2008.

23. Defendants' conduct above described is in violation of various statutes of this state, including but not limited to, California Government Code Section 12940 et seq. and California Constitution Article 1, Section 8.

24. As a direct and legal result of Defendants' retaliatory actions and discrimination against Plaintiff on account of her race/national origin/ancestry, her disability, and/or complaints about hostile work environment harassment and discrimination, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees,

all to her damage in an amount according to proof.

25. Said denial of transfer was wrongful and justifies the imposition of punitive damages since the transfer denial was against public policy. Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, with the wrongful intention of injuring the Plaintiff, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights. Based upon the forgoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## SECOND CAUSE OF ACTION

**(Discrimination Based on Race and/or National Origin and/or Ancestry)**

**(SANTILLAN Against Defendants WELLS FARGO BANK, and DOES 1 through 250, inclusive)**

26. The allegations of paragraphs 1 through 25 are re-alleged and incorporated herein by reference as though set forth at length.

27. At all times herein mentioned, Plaintiff was a member of a protected class, in that her race and/or national origin and heritage/ancestry is Hispanic.

28. Defendant WELLS FARGO BANK is an entity employing at least the minimum number of persons needed to qualify and doing business within the State of California and subject to the California Fair Employment and Housing Act. Plaintiff filed charges of discrimination with the FEHA and Right to Sue Letters have been issued.

29. Plaintiff was fully qualified and competent to perform her respective duties. Defendants

engaged in a continuing course of racial and/or national origin and/or ancestry discrimination against Plaintiff. During Plaintiff's employment, Plaintiff was subjected to including but not limited to, the following conduct on the part of Defendants: Offensive and degrading comments based on Plaintiff's heritage/ancestry and national origin, including but not limited to, calling Plaintiff "stupid Mexican bitch" and "Mexican pig"; Supervisor MARILYN SPARKS told Plaintiff that the only reason that Letcia Aceves [Plaintiff's co-worker] liked Plaintiff was because Plaintiff is Hispanic and maybe if she [SPARKS] was "brown" Leticia would like her too. Plaintiff was singled out and targeted on account of her national origin, held up to ridicule and scorn, unwarrantedly criticized, micro-managed, denied a transfer, and generally treated with contempt by her supervisors including but not limited to MARILYN SPARKS and MARLA VASQUEZ.

30. As a direct and legal result of Defendants' discrimination against Plaintiff on account of race/national origin/ancestry, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

31. Said discrimination was wrongful and justifies the imposition of punitive damages since the discrimination was against public policy and in violation of Government Code § 12940, et seq. Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, with the wrongful intention of injuring the Plaintiff, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

THIRD CAUSE OF ACTION

(Discrimination Based on Disability)

(SANTILLAN Against Defendants WELLS FARGO BANK, and DOES 1 through 250, inclusive)

32. The allegations of paragraphs 1 through 31 are re-alleged and incorporated herein by reference as though set forth at length.

33. Defendant WELLS FARGO BANK is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the Fair Employment and Housing Act. At all times herein mentioned in this complaint, Government Code § 12940, Government Code § 12926.1 were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms.

34. Plaintiff is, and at all times herein mentioned was, an "employee" who suffers from a "disability" as defined by Government Code Sections §§ 12926, et seq. and §§ 12940 et seq. and California Code of Regulations, Title 2, which limits one or more major life activities. Plaintiff suffered from mental disabilities consisting of stress, depression, and anxiety.

35. At all times herein mentioned, Plaintiff was fully qualified and competent to perform the duties of her position with a reasonable accommodation of including but not limited to, remedying the hostile working environment about which Plaintiff repeatedly complained and/or transferring Plaintiff to any one of Defendant's offices, and permitting Plaintiff to take a reasonable amount of time off work to treat and recuperate from her disabilities.

36. Although Defendants knew of Plaintiff's emotional stress from work-related conditions

and Plaintiff's debilitating injuries stemming therefrom, Defendant required Plaintiff to continue working under the same conditions. Specifically, Defendants, and each of them, continued to force and pressure to work without accommodation by failing to remedy the hostile work environment harassment about which Plaintiff complained, refusing to grant Plaintiff's reasonable request for a transfer to another of Defendant's offices, and refusing to engage in the interactive process with Plaintiff to find another reasonable solution. Defendants actions were in direct contravention of the various provisions of the FEHA, including but not limited to § 12940(a), (m), and (m).

37. As a direct and legal result of Defendants' discrimination herein referenced, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

38. Said actions were discriminatory and justify the imposition of punitive damages since the discrimination was against public policy and in violation of Government Code §§ 12940, et seq. and Government Code §§ 12926, et seq. Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, with the wrongful intention of injuring the Plaintiff, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

///

///

## FOURTH CAUSE OF ACTION

**(Failure to Accommodate)**

**(SANTILLAN Against Defendants WELLS FARGO BANK, LEHIGH HANSON and DOES 1 through 250, inclusive)**

39. The allegations of paragraphs 1 through 38 are re-alleged and incorporated herein by reference as though fully set forth herein.

40. Plaintiff is, and at all times herein mentioned was, an "employee" who suffers from a "disability" as defined by Government Code Sections §§ 12926, et seq. and §§ 12940 et seq. and California Code of Regulations, Title 2, which limits one or more major life activities. Plaintiff suffered from stress, depression, and anxiety.

41. Defendants were aware of Plaintiff's disabilities, set forth in detail above, because Plaintiff informed Defendants, and each of them, that she suffered from stress, depression, and anxiety.

42. Defendant WELLS FARGO BANK has an affirmative duty under the FEHA to reasonably accommodate disabled workers. Such duty arises regardless of whether the employee requested any accommodation.

43. Defendants failed to reasonably accommodate Plaintiff's needs based on his disabilities in the following manner: Failing to remedy the hostile work environment harassment and discrimination about which Plaintiff complained, refusing to grant Plaintiff's reasonable request for a transfer to another of Defendant's offices, and refusing to engage in the interactive process with Plaintiff to find another reasonable solution.

44. Defendants did not attempt to accommodate Plaintiff in any manner.

45. At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her job as a Recruiter Staffing Specialist II, if such reasonable accommodations had been made by Defendants, and each of them. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendants' businesses.

46. As a direct and legal result of Defendants' failure to accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

47. Said failure to accommodate was wrongful and justifies the imposition of punitive damages since Defendants' failure to accommodate was against public policy and in violation of Government Code § 12940, et seq. and Government Code § 12926, et seq. Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, with the wrongful intention of injuring the Plaintiff, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

///

///

## FIFTH CAUSE OF ACTION

**(Failure to Engage in the Interactive Process)**

**(SANTILLAN Against Defendants WELLS FARGO BANK, and DOES 1 through 250, inclusive)**

48. The allegations of paragraphs 1 through 47 are re-alleged and incorporated herein by reference as though fully set forth herein.

49. Defendant refused to grant Plaintiff's request for accommodation in the form of a transfer to any of Defendant's other offices and away from Plaintiff's harassers. Defendant offered no alternate accommodation in response to Plaintiff's requests for accommodation.

50. Defendant did not engage in a timely, good faith interactive process with Plaintiff to find an accommodation for Plaintiff's disabilities.

51. Plaintiff did not cause the breakdown of the interactive process with WELLS FARGO BANK. Rather, WELLS FARGO BANK caused the breakdown in the interactive process with Plaintiff when it refused to grant Plaintiff's request for a transfer and refused to discuss any other possible solutions with Plaintiff.

52. As a direct and legal result of Defendants' failure to engage in a good faith, timely interactive process, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

53. Said conduct was wrongful and justifies the imposition of punitive damages since the conduct was against public policy. Defendants intentionally refused to engage in a good faith, timely interactive process with Plaintiff, and in doing so, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendants acted with an evil purpose, in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and/or with a conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants and each of them, in an amount according to proof.

**SIXTH CAUSE OF ACTION**

**(Hostile Work Environment Harassment)**

**(SANTILLAN Against Defendants WELLS FARGO BANK, and DOES 1 through 250, inclusive)**

54. The allegations of paragraphs 1 through 53 are re-alleged and incorporated herein by reference as though set forth at length.

55. The conduct of Defendants, and each of them, created a hostile work environment for Plaintiff making the conditions of her employment intolerable in direct contravention of Government Code section 12940(j). The harassment of which Plaintiff repeatedly complained of, was based on race and/or national origin and/or ancestry.

56. During working hours, Plaintiff was subjected to a hostile work environment on the basis of race and/or national origin and/or ancestry by Defendants, consisting of including but not limited to, the following conduct on the part of Defendants: Offensive and degrading comments based on Plaintiff's heritage/ancestry and national origin, including but not limited to, calling Plaintiff "stupid Mexican bitch" and "Mexican pig"; Supervisor MARILYN SPARKS told Plaintiff that the only reason that Letcia Aceves [Plaintiff's co-

worker] liked Plaintiff was because Plaintiff is Hispanic and maybe if she [SPARKS] was "brown" Leticia would like her too. Plaintiff was singled out and targeted on account of her national origin, held up to ridicule and scorn, unwarrantedly criticized, micro-managed, denied a transfer, and generally treated with contempt by her supervisors including but not limited to MARILYN SPARKS and MARLA VASQUEZ.

57. Such harassment was so severe and pervasive that it altered the conditions of Plaintiff's employment, creating a hostile, abusive work environment and thereby endangering Plaintiff's physical health and making Plaintiff's working conditions intolerable. Said harassment was sufficiently extreme to amount to a change in the terms and conditions of Plaintiff's employment. Further, Defendants knew of the harassment of Plaintiff on account of race and/or national origin and/or ancestry because Plaintiff complained to management at Defendants about the harassment, yet Defendants, and each of them, failed to take prompt remedial action and failed to prevent said harassment from occurring.

58. As a direct and legal result of Defendants' harassment of Plaintiff on the basis of race and/or national origin and/or ancestry, Plaintiff has suffered and continues to suffer general, consequential, and special damages including, but not limited to, substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees all to his damage in an amount according to proof.

59. Said actions were wrongful and justifies the imposition of punitive damages since the harassment of Plaintiff on the basis of race was against public policy. Defendants, and each of them, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper purpose and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing,

Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

**SEVENTH CAUSE OF ACTION**

**(Failure to Prevent Hostile Work Environment Harassment)**

**(SANTILLAN Against Defendants WELLS FARGO BANK, and DOES 1 through 250, inclusive)**

60. The allegations of paragraphs 1 through 59 are re-alleged and incorporated herein by reference as though set forth at length.

61. Plaintiff was harassed by Defendant including but not limited to, by her supervisors, including but not limited to, SPARKS and VASQUEZ, as alleged in more detail above, based on Plaintiff's race and/or national origin and/or ancestry. Such conduct is prohibited by the FEHA, Cal. Gov. Code §§ 12940 (j) and (k).

62. Under the FEHA, an employer is 'strictly liable for the harassing conduct of its agents and supervisors. (Fisher v. San Pedro Peninsula Hospital (1989) 214 Cal.App.3d 590). The FEHA also requires employers to take all reasonable steps necessary to prevent unlawful harassment from occurring (Cal. Gov. Code §§12940(j) and (k)).

63. Defendants, and each of them, knew of the harassing conduct and actions of Supervisor SPARKS and VASQUEZ because Plaintiff complained about it to BRUEGGERMAN and to other management at Defendants, including but not limited to, Mike Moore. However, Defendants, and each of them, failed to take immediate and appropriate corrective action to stop the harassment. Plaintiff is informed and believes that Defendants did not investigate into her complaints. Plaintiff is further informed and believes that no discipline or counseling was provided to Supervisors SPARKS and

VASQUEZ. Instead, Defendants continued to harass Plaintiff to such a level that Plaintiff was forced to take a medical leave of absence and ultimately forced to resign from her employment with the Defendant as a result of the hostile working environment herein described.

64. As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including, but not limited to, substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, and attorneys' fees all to his damage in an amount according to proof.

65. Said actions justify the imposition of punitive damages in that Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motives amounting to malice, and in conscious disregard of Plaintiff's rights. Defendants, and each of them, had notice and knowledge that Supervisors SPARKS and VASQUEZ were harassing Plaintiff but failed to take reasonable steps to prevent such conduct. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

66. Defendants' ratified the harassment based on Plaintiff's race and/or national origin and/or ancestry and failed to take all reasonable steps to prevent the harassment from occurring as referred to herein, by adopting and approving Defendants' conduct.

67. As a direct and legal result of Defendants' creation of a hostile work environment and failure to take all reasonable steps to prevent the harassment from occurring, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including, but not limited to, substantial losses in earnings, other employment benefits, physical

injuries, physical sickness, as well as emotional distress, plus medical expenses, and attorneys' fees all to his damage in an amount according to proof.

68. Said actions were wrongful and justifies the imposition of punitive damages since the harassment of Plaintiff on the basis of race/national origin/ancestry was against public policy. Defendants, and each of them, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper purpose and evil motive amounting to malice, and in conscious disregard for Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## EIGHTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

**(SANTILLAN Against Defendants WELLS FARGO BANK, MARILYN SPARKS, JACKIE BRUEGGERMAN, MARLA VASQUEZ, and DOES 1 through 250, inclusive)**

69. The allegations of paragraphs 1 through 68 are re-alleged and incorporated herein by reference as though fully set forth herein.

70. Defendants' conduct of, including but not limited to, discrimination based upon race/national origin/ancestry and disability, racial harassment and failure to prevent and remedy the same, and retaliation against Plaintiff for including but not limited to, opposing, protesting against, and/or complaining about unlawful workplace discrimination and harassment, and for requesting reasonable accommodation for her disabilities, none of which are a normal part of an employment relationship, constitutes extreme and outrageous conduct, as described in more detail *above*. Defendants' conduct was intentional or with reckless disregard of causing Plaintiff injury.

71. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, medical expenses, future medical expenses, and other damages to be determined at trial according to proof.

72. Said conduct was wrongful and justifies the imposition of punitive damages. Defendants committed the acts alleged herein, including intentional discrimination, harassment, and retaliation based on protected classifications such as race and disability, maliciously, fraudulently and oppressively, with the wrongful intentions of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## NINTH CAUSE OF ACTION

**(Retaliation in Violation of the FEHA and Labor Code Section 1102.5(c))**
**(SANTILLAN Against Defendants WELLS FARGO BANK, and DOES 1 through 250, inclusive)**

73. The allegations of paragraphs 1 through 72 are re-alleged and incorporated herein by reference as though fully set forth herein.

74. At all times herein mentioned, Government Code Section 12940 et seq. (the FEHA) and Labor Code Section 1102.5(c) were in full force and effect and binding on the Defendants and the Defendants were subject to their terms and therefore Defendants were required to refrain from retaliating against Plaintiff for refusing to participate in a violation or noncompliance with a state or federal rule or regulation and for engaging in activity protected under the FEHA including but not limited to, requesting disability accommodation and complaining about discrimination and harassment based on

race/national origin/ancestry.

75. Plaintiff engaged in protected activity in that she complained about workplace discrimination and hostile work environment harassment and complained about and refused to participate in Defendant's illegal hiring/firing practices, including Defendant's non-compliance with EEOC regulations. Plaintiff also engaged in protected activity when she requested accommodation of her disability and took a medical leave of absence from work to treat and recuperate from her disabling work-related injuries. In retaliation, Defendants subjected Plaintiff to adverse employment decisions by including but not limited to, failing to take all reasonable steps necessary to prevent the harassment about which Plaintiff complained from occurring, denying Plaintiff's request for a transfer/accommodation, and ultimately terminating Plaintiff's employment.

76. Defendants' conduct above described is in violation of various statutes of this state including but not limited to Government Code Section 12940 et seq. (the FEHA) and Labor Code Section 1102.5(c).

77. As a direct and legal result of Defendants' retaliatory actions against Plaintiff for her complaints herein referenced and for her refusal to participate in Defendant's illegal hiring/firing practices, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

78. Said retaliation was wrongful and justifies the imposition of punitive damages since the transfer denial was against public policy. Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, with the wrongful intention of injuring the

Plaintiff, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights. Based upon the forgoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## TENTH CAUSE OF ACTION

**(Wrongful Constructive Termination in Violation of Public Policy)**

**(SANTILLAN Against Defendants WELLS FARGO BANK and DOES 1 through 250, inclusive)**

79. The allegations of paragraphs 1 through 78 are re-alleged and incorporated herein by reference as though set forth at length.

80. At all times herein mentioned in this complaint, California Government Code §12940, et seq.; California Constitution Article 1, Section 8; California Labor Code §200, et seq., were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms, and therefore Defendants were required to refrain from violations of public policy, including discrimination and harassment on the basis of national origin and disability, and retaliation for opposing unlawful discrimination and harassment.

81. Plaintiff is informed and believes thereon alleges that her national origin and disability and her protestation against and/or refusal to endure being subjected to discrimination and harassment on the basis of national origin and disability, were individually or collectively, in part, factors in Plaintiff's constructive termination.

82. Plaintiff performed competently and capably during her employment with WELLS FARGO BANK, despite MARILYN SPARKS' and MARLA VASQUEZ' constant criticism of her performance while supervising Plaintiff.

83. Plaintiff's supervisor subjected Plaintiff to an aggravated and continuous pattern of abuse, as alleged *supra*. Defendant WELLS FARGO BANK was aware of the intolerable working conditions to which Plaintiff was subjected, as Plaintiff had complained to management.

84. As a result of Plaintiff's hostile work environment, discrimination, verbal abuse, and retaliation, as described in detail *above*, Plaintiff began to suffer from physical, mental, and emotional injuries.

85. The working conditions at the time of Plaintiff's leaving her employment at WELLS FARGO BANK were so intolerable and/or aggravated that any reasonable person in her position would have been compelled to leave that work situation and never return (*i.e.* his leaving was coerced).

86. Defendant and/or its representatives either intentionally created and/or knowingly permitted the above working conditions that were so intolerable or aggravated at the time of Plaintiff leaving her employment that any reasonable employer would realize that a reasonable person in Plaintiff's position would be compelled to leave and not return.

87. Defendants' conduct above described is in violation of various statutes and the decisional law of this state and country, including but not limited to California Government Code §12940, et seq.; California Constitution Article 1, Section 8; California Labor Code §200, et seq.; and Turner v. Anheuser-Busch, Inc. (1994) 7 Cal. 4th 1238.

88. As a direct and legal result of Defendants' discrimination and retaliatory actions against Plaintiff for her complaints herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, *physical injuries*, *physical sickness*, as

well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

89. Said constructive termination was wrongful and justifies the imposition of punitive damages since the termination was against public policy. Defendants intentionally discriminated and harassed Plaintiff on account of her national origin and gender, and her complaints about same, and in doing so, Defendants acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Based upon the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them, in an amount according to proof.

## PRAYER

1. For damages according to proof, including loss of earnings, deferred compensation, and other employment benefits;

2. For interest on the amount of losses incurred in loss of earnings, deferred compensation, and other employee benefits at the prevailing legal rate;

3. For general damages, including, but not limited to, damages for *physical injuries and/or physical sickness*, according to proof;

4. For other special damages according to proof, including but not limited to reasonable medical expenses;

5. For punitive damages according to proof;

6. For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in

obtaining the benefits due Plaintiffs and for violations of Plaintiff's civil rights as set forth above; and

7. For such other and further relief as the court deems just and proper,

Dated: October 29, 2010 THE LAW OFFICES OF CARLIN & BUCHSBAUM, LLP

By ______________________
Maya G. Morales,
Attorneys for Plaintiff,
HELENA SANTILLAN

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby respectfully demands a jury trial.

Dated: October 29, 2010 THE LAW OFFICES OF CARLIN & BUCHSBAUM, LLP

By ______________________
Maya G. Morales,
Attorneys for Plaintiff,
HELENA SANTILLAN

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1510, Los Angeles, CA 90017
(213) 439-6703 (800) 700-2320 Fax (213) 439-6746
http://www.dfeh.ca.gov

November 12, 2009

HELENA SANTILLAN
20560 Ventura Blvd., Spt. 308
Woodland Hills, CA 91360

RE: E200910S0426-01-apc
SANTILLAN/SPARKS, MARILYN, AS AN INDIVIDUAL

Dear HELENA SANTILLAN:

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing on 10/20/2009 pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for **service of the complaint** on respondent(s). You should also enclose a copy of the Notice of Case Closure along with the complaint. These documents must be served within **60 days** of the filing date of the complaint. Government Code section 12962(b) further provides that complaints must be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Lottie Woodruff

Lottie Woodruff
District Administrator

Enclosure: Complaint of Discrimination

Notice of Case Closure

DFEH-200-06 (01/05)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES ARNOLD SCHWARZENEGGER, Governor

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1055 West Seventh Street, Suite 1400 ,Los Angeles, CA 90017
(213) 439-6799 (800) 700-2320 Fax (213) 892-6494

November 12, 2009

HELENA SANTILLAN
20560 Ventura Blvd., Spt. 308
Woodland Hills, CA 91360

RE: E200910S0426-01-apc
SANTILLAN/SPARKS, MARILYN, AS AN INDIVIDUAL

Dear HELENA SANTILLAN:

**NOTICE OF CASE CLOSURE**

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 20, 2009 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Lottie Woodruff

Lottie Woodruff
District Administrator

cc: Case File

Human Resources Manager
WELLS FARGO BANK NATIONAL ASSOCIATION
333 W. Grand Avenue
Los Angeles, CA 90012

DFEH-200-43 (06/06)

# FILING A CASE IN COURT

Your case has been closed by the Department of Fair Employment and Housing (DFEH). Should you decide to bring a civil action on your own behalf in court in the State of California under the provisions of the California Fair Employment and Housing Act (FEHA) against the person, employer, labor organization or employment agency named in your complaint, below are resources for this.

***Note:*** If a settlement agreement has been signed resolving the complaint, you might have waived the right to file a private lawsuit.

## Finding an Attorney

To proceed in Superior Court, you should contact an attorney. If you do not already have an attorney, the organizations listed below may be able to assist you:

The State Bar of California

The State Bar of California has a Lawyer Referral Services Program (LRS) which can be accessed through its Web site at www.calbar.ca.gov or by calling 1-866-442-2529 (within California) or 1-415-538-2250 (outside California).

Local Lawyer Referral Services

Your county may have a lawyer referral service. Check the Yellow Pages of your telephone book under "Attorneys."

## Filing in Small Claims Court

You may be able to file a claim in small claims court. For more information, you may contact:

California Department of Consumer Affairs (DCA)

The Department of Consumer Affairs has information regarding filing claims in small claims court located on its Web site at www.dca.ca.gov. Under its "Publications" tab you can access the "Locate the Small Claims Court Guide" on the left side of the page.

You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" by contacting the DCA Publication Hotline at 1-866-320-8685 or 1-800-952-5210, or by writing to them at: Department of Consumer Affairs; Policy and Publications Development Office; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

The State Bar of California

The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov.

DFEH-200-41 (04/09)

# *** EMPLOYMENT ***

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200910-S-0426-01-apc
DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.): Ms. Helena Santillan
TELEPHONE NUMBER (INCLUDE AREA CODE):

ADDRESS: 20560 Ventura Blvd., Apt. 308

CITY/STATE/ZIP: Woodland Hills, California 91360
COUNTY: Los Angeles
COUNTY CODE:

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME: Marilyn Sparks c/o Wells Fargo Bank National Association (N.A.)
TELEPHONE NUMBER (Include Area Code):

ADDRESS: 333 W. Grand Ave.
DFEH USE ONLY

CITY/STATE/ZIP: Los Angeles, California 90012
COUNTY: Los Angeles
COUNTY CODE:

NO. OF EMPLOYEES/MEMBERS (if known):
DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year): 11/3/08 & Continuing
RESPONDENT CODE:

THE PARTICULARS ARE: 11/3/08 & other

I allege that on various dates, the following conduct occurred:

- ___ termination
- ___ lay-off
- ___ demotion
- X harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job-related inquiry
- ___ denial of employment
- ___ denial of promotion
- X denial of transfer
- X denial of accommodation
- X failure to prevent discrimination or retaliation
- X retaliation
- ___ other (specify) retaliated against because of complaints regarding discrimination illegal hiring practices & a hostile work environment.
- X denial of family or medical leave
- ___ denial of pregnancy leave
- ___ denial of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

by Marilyn Sparks; Jackie Brueggerman; and Marla Vasquez
Name of Person
Job Title (supervisor/manager/personnel director/etc.)

because of:

- ___ sex
- X age
- ___ religion
- X race/color
- X national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- X disability (physical or mental)
- ___ medical condition (cancer or genetic characteristic)
- X other (specify) retaliated against because of complaint regarding discrimination, illegal hiring practices & a hostile work environment
- ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State what you believe to be the reason(s) for discrimination: because of my age, race/national origin, my disability/ work-related injury and my requests for accommodaion and because of my complaints and opposition to a hostile work environment, illegal hiring/firing practices, EEOC OFECP violations & discriminations

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated: October 15, 2009

[signature] Helena Santillan
COMPLAINANT'S SIGNATURE

At: Woodland Hills, CA
City

DATE FILED: 10/20/09

RECEIVED
OCT 20 2009
Department of Fair Employment and Housing

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA
LS-DFEH1

STATE OF CALIFORNIA • STATE AND CONSUMER SERVICES AGENCY ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1510, Los Angeles, CA 90017
(213) 439-6703 (800) 700-2320 Fax (213) 439-6746
http://www.dfeh.ca.gov

November 12, 2009

HELENA SANTILLAN
20560 Ventura Blvd., Spt. 308
Woodland Hills, CA 91360

RE: E200910S0426-03-apc
SANTILLAN/VASQUEZ, MARLA, AS AN INDIVIDUAL

Dear HELENA SANTILLAN:

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing on 10/20/2009 pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for **service of the complaint** on respondent(s). You should also enclose a copy of the Notice of Case Closure along with the complaint. These documents must be served within **60 days** of the filing date of the complaint. Government Code section 12962(b) further provides that complaints must be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Lottie Woodruff

Lottie Woodruff
District Administrator

Enclosure: Complaint of Discrimination

Notice of Case Closure

DFEH-200-06 (01/05)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 West Seventh Street, Suite 1400 ,Los Angeles, CA 90017
(213) 439-6799 (800) 700-2320 Fax (213) 892-6494

November 12, 2009

HELENA SANTILLAN
20560 Ventura Blvd., Spt. 308
Woodland Hills, CA 91360

RE: E200910S0426-03-apc
SANTILLAN/VASQUEZ, MARLA, AS AN INDIVIDUAL

Dear HELENA SANTILLAN:

**NOTICE OF CASE CLOSURE**

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 20, 2009 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Lottie Woodruff

Lottie Woodruff
District Administrator

cc: Case File

Human Resources Manager
WELLS FARGO BANK NATIONAL ASSOCIATION
333 W. Grand Avenue
Los Angeles, CA 90012

DFEH-200-43 (06/06)

# FILING A CASE IN COURT

Your case has been closed by the Department of Fair Employment and Housing (DFEH). Should you decide to bring a civil action on your own behalf in court in the State of California under the provisions of the California Fair Employment and Housing Act (FEHA) against the person, employer, labor organization or employment agency named in your complaint, below are resources for this.

***Note:*** If a settlement agreement has been signed resolving the complaint, you might have waived the right to file a private lawsuit.

## Finding an Attorney

To proceed in Superior Court, you should contact an attorney. If you do not already have an attorney, the organizations listed below may be able to assist you:

The State Bar of California

> The State Bar of California has a Lawyer Referral Services Program (LRS) which can be accessed through its Web site at www.calbar.ca.gov or by calling 1-866-442-2529 (within California) or 1-415-538-2250 (outside California).

Local Lawyer Referral Services

> Your county may have a lawyer referral service. Check the Yellow Pages of your telephone book under "Attorneys."

## Filing in Small Claims Court

You may be able to file a claim in small claims court. For more information, you may contact:

California Department of Consumer Affairs (DCA)

> The Department of Consumer Affairs has information regarding filing claims in small claims court located on its Web site at www.dca.ca.gov. Under its "Publications" tab you can access the "Locate the Small Claims Court Guide" on the left side of the page.
>
> You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" by contacting the DCA Publication Hotline at 1-866-320-8685 or 1-800-952-5210, or by writing to them at: Department of Consumer Affairs; Policy and Publications Development Office; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834..

The State Bar of California

> The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov.

DFEH-200-41 (04/09)

ORIGINAL

*** EMPLOYMENT ***

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200910-S-0426-03-apc
DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.): Ms. Helena Santillan
TELEPHONE NUMBER (INCLUDE AREA CODE):

ADDRESS: 20560 Ventura Blvd., Apt. 308

CITY/STATE/ZIP: Woodland Hills, California 91360
COUNTY: Los Angeles
COUNTY CODE:

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME: Marla Vasquez c/o Wells Fargo Bank National Association (N.A.)
TELEPHONE NUMBER (Include Area Code):

ADDRESS: 333 W. Grand Ave.
DFEH USE ONLY

CITY/STATE/ZIP: Los Angeles, California 90012
COUNTY: Los Angeles
COUNTY CODE:

NO. OF EMPLOYEES/MEMBERS (if known):
DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year): 11/3/08 & Continuing
RESPONDENT CODE:

THE PARTICULARS ARE: 11/3/08 & other

I allege that on various dates, the following conduct occurred:

- ___ termination
- ___ lay-off
- ___ demotion
- X harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job-related inquiry
- ___ denial of employment
- ___ denial of promotion
- X denial of transfer
- X denial of accommodation
- X failure to prevent discrimination or retaliation
- X retaliation
- ___ other (specify) retaliated againstbecause of complaints regarding discrimination illegal hiring practices & a hostile work environment.
- X denial of family or medical leave
- ___ denial of pregnancy leave
- ___ denial of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

by Marilyn Sparks;Jackie Brueggerman; and Marla Vasquez
Name of Person
Job Title (supervisor/manager/personnel director/etc.)

because of:

- ___ sex
- X age
- ___ religion
- X race/color
- X national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- X disability (physical or mental)
- ___ medical condition (cancer or genetic characteristic)
- X other (specify) retaliated against because of complaint regarding discrimination, illegal hiring practices & a hostile work environment
- ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State what you believe to be the reason(s) for discrimination: because of my age, race/national origin, my disability/ work-related injury and my requests for accommodaion and because of my complaints and opposition to a hostile work environment, illegal hiring/firing practices, EEOC OFFCP violations & discriminations

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated: October 15, 2009

Helena Santillan
COMPLAINANT'S SIGNATURE

At: Woodland Hills, CA
City

DATE FILED: 10/20/09

RECEIVED
OCT 20 2009
Department of Fair Employment and Housing

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA
LS-DFEH1

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY ARNOLD SCHWARZENEGGER, Governor

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
611 West Sixth Street, Suite 1510, Los Angeles, CA 90017
(213) 439-6703 (800) 700-2320 Fax (213) 439-6746
http://www.dfeh.ca.gov

November 12, 2009

HELENA SANTILLAN
20560 Ventura Blvd., Spt. 308
Woodland Hills, CA 91360

RE: E200910S0426-02-apc
SANTILLAN/BRUEGGERMAN, JACKIE, AS AN INDIVIDUAL

Dear HELENA SANTILLAN:

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing on 10/20/2009 pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for **service of the complaint** on respondent(s). You should also enclose a copy of the Notice of Case Closure along with the complaint. These documents must be served within **60 days** of the filing date of the complaint. Government Code section 12962(b) further provides that complaints must be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Lottie Woodruff

Lottie Woodruff
District Administrator

Enclosure: Complaint of Discrimination

Notice of Case Closure

DFEH-200-06 (01/05)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES ARNOLD SCHWARZENEGGER, Governor

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1055 West Seventh Street, Suite 1400, Los Angeles, CA 90017
(213) 439-6799 (800) 700-2320 Fax (213) 892-6494

November 12, 2009

HELENA SANTILLAN
20560 Ventura Blvd., Spt. 308
Woodland Hills, CA 91360

RE: E200910S0426-02-apc
SANTILLAN/BRUEGGERMAN, JACKIE, AS AN INDIVIDUAL

Dear HELENA SANTILLAN:

**NOTICE OF CASE CLOSURE**

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 20, 2009 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter..

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Lottie Woodruff

Lottie Woodruff
District Administrator

cc: Case File

Human Resources Manager
WELLS FARGO BANK NATIONAL ASSOCIATION
333 W. Grand Avenue
Los Angeles, CA 90012

# FILING A CASE IN COURT

Your case has been closed by the Department of Fair Employment and Housing (DFEH). Should you decide to bring a civil action on your own behalf in court in the State of California under the provisions of the California Fair Employment and Housing Act (FEHA) against the person, employer, labor organization or employment agency named in your complaint, below are resources for this.

***Note:*** If a settlement agreement has been signed resolving the complaint, you might have waived the right to file a private lawsuit.

## Finding an Attorney

To proceed in Superior Court, you should contact an attorney. If you do not already have an attorney, the organizations listed below may be able to assist you:

The State Bar of California

The State Bar of California has a Lawyer Referral Services Program (LRS) which can be accessed through its Web site at www.calbar.ca.gov or by calling 1-866-442-2529 (within California) or 1-415-538-2250 (outside California).

Local Lawyer Referral Services

Your county may have a lawyer referral service. Check the Yellow Pages of your telephone book under "Attorneys."

## Filing in Small Claims Court

You may be able to file a claim in small claims court. For more information, you may contact:

California Department of Consumer Affairs (DCA)

The Department of Consumer Affairs has information regarding filing claims in small claims court located on its Web site at www.dca.ca.gov. Under its "Publications" tab you can access the "Locate the Small Claims Court Guide" on the left side of the page.

You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" by contacting the DCA Publication Hotline at 1-866-320-8685 or 1-800-952-5210, or by writing to them at: Department of Consumer Affairs; Policy and Publications Development Office; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

The State Bar of California

The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov.

*** EMPLOYMENT ***

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200910-S-0246-02-apc
DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) Ms. Helena Santillan
TELEPHONE NUMBER (INCLUDE AREA CODE)

ADDRESS 20560 Ventura Blvd., Apt. 308

CITY/STATE/ZIP Woodland Hills, California 91360
COUNTY Los Angeles
COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME Jackie Brueggerman c/o Wells Fargo Bank National Association (N.A.)
TELEPHONE NUMBER (Include Area Code)

ADDRESS 333 W. Grand Ave.
DFEH USE ONLY

CITY/STATE/ZIP Los Angeles, California 90012
COUNTY Los Angeles
COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 11/3/08 & Continuing
RESPONDENT CODE

THE PARTICULARS ARE: 11/3/08 & other

I allege that on various dates, the following conduct occurred:

- ___ termination
- ___ lay-off
- ___ demotion
- X harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job-related inquiry
- ___ denial of employment
- ___ denial of promotion
- X denial of transfer
- X denial of accommodation
- X failure to prevent discrimination or retaliation
- X retaliation
- ___ other (specify) retaliated against because of complaints regarding discrimination illegal hiring practices & a hostile work environment.
- X denial of family or medical leave
- ___ denial of pregnancy leave
- ___ denial of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

by Marilyn Sparks; Jackie Brueggerman; and Marla Vasquez
Name of Person
Job Title (supervisor/manager/personnel director/etc.)

because of:

- ___ sex
- X age
- ___ religion
- X race/color
- X national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- X disability (physical or mental)
- ___ medical condition (cancer or genetic characteristic)
- X other (specify) retaliated against because of complaint regarding discrimination, illegal hiring practices & a hostile work environment
- ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State what you believe to be the reason(s) for discrimination: because of my age, race/national origin, my disability/ work-related injury and my requests for accommodaion and because of my complaints and opposition to a hostile work environment, illegal hiring/firing practices, EEOC OFFCP violations & discriminations

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated October 15, 2009

[signature]
COMPLAINANT'S SIGNATURE

At ___
City

DATE FILED: 10/20/09

RECEIVED
OCT 20 2009
Department of Fair Employment and Housing

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA
LS-DFEH1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gary R. Carlin, CSBN: 44945<br>Maya G. Morales, CSBN: 245208<br>Law Offices of Carlin & Buchsbaum, LLP<br>555 East Ocean Blvd., Suite 818<br>Long Beach, California 90802<br>TELEPHONE NO.: (562)432-8933 FAX NO.: (562)435-1656<br>ATTORNEY FOR (Name): Helena Santillan, Plaintiff | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>NOV 01 2010<br>John A. Clarke, Executive Officer/Clerk<br>BY ____, Deputy<br>Shaunya Wesley |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 N. Hill St.<br>MAILING ADDRESS: 111 N. Hill St.<br>CITY AND ZIP CODE: Los Angeles, California 90012<br>BRANCH NAME: Central | |
| CASE NAME: SANTILLAN v. WELLS FARGO BANK, NATIONAL ASSOCIATION, et al. | |

COPY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC448566<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (*specify*): Ten (10)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: November 1, 2010

Gary R. Carlin, CSBN: 44945
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| SHORT TITLE: SANTILLAN v. WELLS FARGO BANK, NATIONAL ASSOCIATION, et al. | CASE NUMBER |
|---|---|

COPY

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:
JURY TRIAL? [X] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 5-7 [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage<br>[ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons<br>[ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall)<br>[ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270 Intentional Infliction of Emotional Distress<br>[ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: SANTILLAN v. WELLS FARGO BANK, NATIONAL ASSOCIATION, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels ______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: SANTILLAN v. WELLS FARGO BANK, NATIONAL ASSOCIATION, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: SANTILLAN v. WELLS FARGO BANK, NATIONAL ASSOCIATION, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS:<br>333 W. Grand Avenue |
|---|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Los Angeles Superior Court courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: November 1, 2010

(SIGNATURE OF ATTORNEY/FILING PARTY)
Maya G. Morales, CSBN: 245208

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

BC448566

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number ______________________

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Elihu M. Berle | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| | Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| | Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Conrad Aragon | 49 | 509 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| | Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| | Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Mary Ann Murphy | 25 | 317 | | ~~Hon. Jane L. Johnson~~ TBA | 56 | 514 | |
| | Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. John A. Kronstadt | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| | Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| | Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| X | Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| | Hon. Michael C. Solner | 39 | 415 | | **Hon. Emilie H. Elias*** | **324** | **CCW** | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | Other | | | |
| | Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ____________ JOHN A. CLARKE, Executive Officer/Clerk
By ______________________, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV10- 8730 SJO (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
HELENA SANTILLAN

**DEFENDANTS**
WELLS FARGO BANK, N.A., et al.

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gary R. Carlin, Esq. / LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
555 W. Ocean Boulevard, Suite 818, Long Beach, CA 90802
Phone: (562) 432-8933 / Fax: (562) 435-1656

Attorneys (If Known)
Charles N. Bland, Esq.
BACKUS, BLAND, NAVARRO & WEBER LLP
444 S. Flower Street, Suite 2160, Los Angeles, CA 90071
Phone: (213) 833-7990 / Fax: (213) 833-7997

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only** (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No

☑ **MONEY DEMANDED IN COMPLAINT: $** To Be Determined at Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☑ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV 10 8730

**FOR OFFICE USE ONLY:** Case Number: ______

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ____________

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ____________

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
- ☐ A. Arise from the same or closely related transactions, happenings, or events; or
- ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | West Virginia |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | North Dakota<br>Minnesota |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ____________ Date November 15, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |